IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOYCE L. KILLANE                                                                    PLAINTIFF

               v.                              Civil No. 12-2220

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                      DEFENDANT

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Joyce Killane, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

I. **Procedural Background:**

Plaintiff filed her application for SSI and DIB on April 16, 2010, alleging an onset date of August 7, 2009, due to arthritis, problems with her back, legs, and neck; anxiety; and, depression. Tr. 172-182, 233, 260-261, 276, 286. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr.73-79, 84-88. An administrative hearing was held on March 9, 2011. Tr. 28-68. Plaintiff was present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the hearing, Plaintiff was 49 years old and possessed a high school education. Tr. 31, 234. She had past relevant work "(PRW") experience as a retail store manager. Tr. 235, 252-259, 307-308.

In a written opinion dated February 2,5, 2011, the Administrative Law Judge ("ALJ") found Plaintiff's trichotillomania[2], social phobia, and arthritis to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 16-18. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that he retained the residual functional capacity ("RFC") to

> perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967 (b). The claimant can occasionally lift/carry 20 pounds and frequently 10 pounds. The claimant can sit for a total of 6 hours and can stand and walk for a total of 6 hours out of an eight-hour workday. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks. The claimant can respond appropriately to usual work situations and can interact appropriately with supervisors. The claimant can have incidental contact with co-workers and no contact with the general public.

Tr. 18. The ALJ then concluded that Plaintiff could perform work as a small products assembler, poultry processor, and sewing machine operator. Tr. 22.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on July 23, 2012. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos.9, 10.

**II.    Applicable Law:**

---

[2]Trichotillomania is an obsessive-compulsive disorder characterized by the recurrent pulling out of one's own hair. *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS V 251-252 (5th ed. 2013).

2

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.   Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The Court has held, however, that the ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982). And, while the issue is not the existence of pain, the issue is whether the Plaintiff's experience of pain precludes substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

AO72A
(Rev. 8/82)

In the present case, Plaintiff carries mental diagnoses of depression, social phobia/social anxiety disorder, and trichotillomania. The ALJ, however, discredited the severity of Plaintiff's mental impairments due to her failure to obtain professional mental health treatment. While said failure does weigh against her credibility, we believe the evidence indicates that Plaintiff's impairments result in more limitations than are reflected by the RFC assessment.

On June 3, 2010, Dr. Don Ott performed a consultative psychological evaluation. Tr. 342-349. Plaintiff indicated that she had been taking Xanax and Klonopin to treat her anxiety since 1999. She reported a history of sexual abuse as a child and significant problems with social anxiety and getting along with others. Plaintiff described herself as a loner with no friends. Additionally, she had bald spots on her scalp attributed to her pulling out her hair. Dr. Ott diagnosed her with social phobia and trichotillomania and rated her global assessment of functioning ("GAF") at 55 - 65. He felt Plaintiff's anxiety would interfere somewhat with her cognitive processes.

On June 30, 2010, Dr. Jon Etienne Mourot, a non-examining consultative psychologist completed a mental RFC assessment and a psychiatric review technique form. Tr.. 357 -374. After reviewing Plaintiff's medical records, he concluded that she would have moderate limitations working in coordination with or proximity to others without being distracted by them, completing a normal workday and workweek without interruptions from psychologically based symptoms, performing at a consistent pace without an unreasonable number and length of rest periods, interacting appropriately with the general public, getting along with coworkers or peers without distracting them or exhibiting behavioral extremes, responding appropriately to changes

in the work setting, traveling in unfamiliar places or using public transportation, and setting realistic goals or make plans independently of others.

On June 2, 2011, Dr. Robert Spray conducted a mental evaluation of Plaintiff and completed a mental RFC assessment. Tr. 393-400.  He concluded that the memory and concentration that she demonstrated during the exam was not consistent with her past work history, but felt this discrepancy might be due to her depression and anxiety.  Again, Plaintiff reported social avoidance, irritability, occasional violence, and flashbacks of her childhood abuse.  Dr. Spray diagnosed Plaintiff with dysthymia; anxiety disorder, not otherwise specified, with PTSD issues; trichotillomania; and, personality disorder, not otherwise specified, with histrionic and borderline features and assessed her with a GAF of 40-50.  Dr. Spray concluded that Plaintiff's impairments would result in severe limitations in the following areas: relating to coworkers, interacting with supervisors, performing activities within a schedule, maintaining regular attendance, sustaining an ordinary routine without special supervision, working in coordination with or proximity to others without being distracted by them, completing a normal workday and workweek, demonstrating reliability, behaving in an emotionally stable manner, dealing with the general public, accepting instructions and responding appropriately to criticism from supervisors, getting along with coworkers or peers, and maintaining socially appropriate behavior.

As the record reveals that Plaintiff was prescribed Paxil, Klonopin and Xanax by her treating general physicians Drs. Kim Graves and Robert Noonan and the limitations assessed by Dr. Spray were not considered by the ALJ, we believe that remand is necessary to allow the ALJ to reconsider Plaintiff's RFC assessment.  Tr. 384, 385-386, 387-388.

We also note that Plaintiff suffered from chronic pain in her neck and joints. Her treating doctors prescribed Ultram to treat her pain. Ultram or Tramadol is a narcotic-like pain reliever used to treat moderate to severe chronic pain when treatment is needed around the clock. *See Ultram*, www.pdr.net/drug-summary/ultram?druglabelid+950 (Last assessed September 23, 2013). It is noted to cause dizziness, and can exaggerate the side effects of other medications. Given the fact that both Klonopin and Xanax can cause dizziness and sleepiness, we believe remand is also necessary to allow the ALJ to reconsider Plaintiff's RFC in light of the side effects of her medications. *Porch v. Chater*, 115 F.3d 567, 572 (8th Cir. 1997).

Additionally, Dr. Terry Hoyt performed a physical examination of Plaintiff on May 23, 2011, and completed a physical RFC assessment. Tr. 389-392. He noted a decreased range of motion in her neck and joints and abnormalities in her extremities, especially in her left upper extremity. Plaintiff also had tissue changes and tender points in her lower back. Dr. Hoyt diagnosed her with cervical disc disease with radiculopathy, anxiety, and depression. He concluded that she could sit for a total of 1-2 hours in an 8-hour day, stand 1 hour total, and walk 30-40 minutes total per day. Further, Dr. Hoyt opined that Plaintiff could rarely lift more than 10 pounds and never lift more than 25 pounds; occasionally push/pull; rarely work in an extended position, bend, balance, twist, climb stairs, and climb ramps; and, never work above shoulder level, overhead or reach, squat, crawl, stoop, crouch, kneel, or climb ladders or scaffolds. These limitations, however, are not included in the ALJ's RFC assessment. Again, he discounts Plaintiff's subjective complaints due to her failure to seek out more consistent medical treatment, but he does not consider Dr. Hoyt's indication that Plaintiff's inadequate treatment was due to her lack of funds. Accordingly, on remand, the ALJ should also reconsider

7

the limitations imposed by Plaintiff's chronic neck and joint pain and her possible financial constraints.

IV.     **Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of September 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)